## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DARRELL WILSON,

                    Petitioner,                Case Number: 2:15-CV-12861
                                                      HON. DENISE PAGE HOOD

v.

SHANE PLACE,

                    Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Darrell Wilson, a Michigan state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his convictions for first-degree felony murder, Mich. Comp. Laws § 750.316, armed robbery, Mich. Comp. Laws § 750.529; and false report of a felony, Mich. Comp. Laws § 750.411a(1).  Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely.  For the reasons stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion.  The Court also declines to issue Petitioner a certificate of appealability, and grants him leave to proceed on appeal *in forma pauperis*.

## I.  Background

Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree

felony murder, armed robbery, and false report of a felony.  On September 21, 2011, he was sentenced to life imprisonment without the possibility of parole for the felony-murder conviction, 20 to 50 years' imprisonment for the armed robbery conviction, and 1 to 4 years' imprisonment for the false report of a felony conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  He raised a single claim in the appeal – the evidence was insufficient to prove beyond a reasonable doubt that he aided and abetted in the murder.  The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Wilson*, No. 306673, 2013 WL 276029 (Mich. Ct. App. January 24, 2013).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals.  On June 25, 2013, the Michigan Supreme Court denied leave to appeal. *People v. Wilson*, 494 Mich. 870 (Mich. 2013).

Petitioner filed the pending habeas petition on July 28, 2015.  Respondent has filed a motion for summary judgment on the ground the petition was not timely filed.

## II.  Discussion

### A.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial.  The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*,

2

*Inc.*, 477 U.S. 242, 251-52 (1986).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B.**

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at

3

the expiration of the deadline for filing a petition for a writ of certiorari to the United

States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). In addition,

the time during which a prisoner seeks state-court collateral review of a conviction does

not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d

364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief,

while tolling the limitation period, does not re-fresh the limitation period. *Vroman v.*

*Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then

to the Michigan Supreme Court. The Michigan Supreme Court denied his application for

leave to appeal on June 25, 2013. Petitioner had ninety days from that date to file a

petition for writ of certiorari with the United States Supreme Court, which he did not do.

Thus, his conviction became final on September 23, 2013, when the time period for

seeking certiorari expired. *See Bronaugh,* 235 F.3d at 283. The last day on which a

petitioner can file a petition for a writ of certiorari in the United States Supreme Court is

not counted toward the one-year limitations period applicable to habeas corpus petitions.

*Id.* at 285. Accordingly, the limitations period commenced on September 24, 2013, and

continued to run until it expired one year later on September 24, 2014.

Equitable tolling is available to toll a statute of limitations when "'a litigant's

failure to meet a legally-mandated deadline unavoidably arose from circumstances

beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010),

*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-

4

61 (6th Cir. 2000). The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases." *See Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show: (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

Petitioner does not assert an argument for equitable tolling in his petition or in his response to the motion. The Court finds no basis for equitable tolling and will grant the motion for summary judgment.

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A district court must  "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the

required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV.  Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion for Summary Judgment (ECF No. 8) and the petition for a writ of habeas corpus is DISMISSED. The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

S/Denise Page Hood
Denise Page Hood
Chief United States District Judge

Dated: February 29, 2016

6

2:15-cv-12861-DPH-RSW   Doc # 10   Filed 02/29/16   Pg 7 of 7   Pg ID 1816

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on February 29, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager
