UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL WILSON,

        Petitioner,               Case Number: 2:15-CV-12861
                                                    HON. DENISE PAGE HOOD

v.

SHANE PLACE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING

Petitioner Darrell Wilson, a Michigan state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for first-degree felony murder, Mich. Comp. Laws § 750.316, armed robbery, Mich. Comp. Laws § 750.529; and false report of a felony, Mich. Comp. Laws § 750.411a(1).  Respondent filed a motion for summary judgment, arguing that the petition should be denied because it was not timely filed.  Petitioner did not file a response to the motion.  On February 29, 2016, the Court granted Respondent's motion and dismissed the petition. (ECF No. 10). Now before the Court is Petitioner's Motion for Equitable Tolling.

The Court concludes that it may not construe Petitioner's motion as a motion for reconsideration of the Court's February 29, 2016 order because a motion for reconsideration must be filed within fourteen days after the entry of the judgment or order challenged.  E.D. Mich. L.R. 7.1(h)(1).  Petitioner's motion was filed 60 days after the

entry of judgment in this case. The motion is also untimely under Federal Rule of Civil Procedure 59(e), because a motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59 (e).

The Court construes the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60 (b) allows a court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, release, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court finds that none of the factors cited in 60(b)(1)-(5) is applicable. Petitioner makes no showing of mistake, inadvertence, surprise or excusable neglect. Rule 60(b)(1). Nor does he rely upon newly discovered evidence or evidence of fraud, misrepresentation or misconduct of an opposing party. Rule 60(b)(2)-(3). Relief is allowed under Rule 60(b)(4) only in the instance of a "jurisdictional error" or "a violation of due process," neither of which is alleged here. *Northeast Coalition for Homeless v.*

*Husted*, 696 F.3d 580, 601 (6th Cir. 2012), *citing United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010).  Rule 60 (b)(5) is also inapplicable because the judgment has not been vacated or discharged.  Rule 60(b)(6) remains the only possible avenue for relief for Petitioner.

"[R]elief under Rule 60(b)(6) ... requires a showing of 'extraordinary circumstances.'" *Gonzales v. Crosby*, 545 U.S. 524, 546 (2005).  The Court granted Respondent's motion and dismissed the petition because it was filed almost one year after the limitations period expired.  In his motion, Petitioner argues that he is entitled to equitable tolling of the limitations period because his appellate attorney did not timely inform him when the Michigan Supreme Court denied his application for leave to appeal, causing the late filing of his habeas corpus petition.  He states that he learned the application had been denied two years after the Supreme Court's decision when he and his family members inquired about the status of his appeal.  Petitioner's circumstances are not extraordinary.  Petitioner's argument in support of equitable tolling could have been raised in his petition, in his 796-page pleading in support of the petition, or in a reply to Respondent's motion for summary judgment.  Instead, he raises the argument for the first time in the pending motion.  The Court is not persuaded by Petitioner's claim that he failed to realize the significance of this argument until after the Court dismissed his petition.  The significance of this argument would have been apparent to even a layperson upon the filing of Respondent's motion.  The Court finds no extraordinary circumstances warranting relief under Rule 60(b)(6).

The Court also denies Petitioner a certificate of appealability. A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment that seeks to challenge the judgment in a habeas case. *See United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). "[J]urists of reason" would not find it debatable whether this Court is correct in its decision denying the motion and the Court denies a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, the Court DENIES Petitioner's Motion for Equitable Tolling (ECF No. 12) and DENIES a certificate of appealability.

s/Denise Page Hood
DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

DATE: December 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2016, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager Generalist